| 31 | 383 |
| 105 | 422 |
| 31 | 383 |
| 31 | 383 |
| 137 | 643 |

## TAYLOR vs. THE STATE, EX REL. HAND.

[QUO WARRANTO TO TRY RIGHT TO OFFICE OF COUNTY TREASURER.]

1. *When statute takes effect.*—A statute takes effect from the day of its approval, unless a different time is expressly prescribed; consequently, statutes of the same session, passed on different days, are not to be regarded as having effect from the same day, because they pertain to the same subject.

2. *Construction of statutes regulating election and appointment of county treasurer of Randolph.*—An appointment by the commissioners' court of Randolph county, after the passage of the act of 15th January, 1852, and before the

passage of the subsequent act of the same session suspending the operation of the former act, (Session Acts 1851–52, p. 477,) could not confer on the person appointed a right to hold the office of county treasurer beyond the then next general election; and the fact that his immediate successor, elected in August, 1854, allowed him to retain the office until the expiration of three years from the time of his appointment, does not confer on the latter the right to extend his term of office an equal length of time into the term of his successor.

3. *Security for costs.*—When an information, in the nature of a *quo warranto*, is filed on the relation of a private person, (Code, § 2655,) the relator must give security for the costs; and if such security is not given before the commencement of the suit, it cannot be afterwards supplied.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. S. D. HALE.

THIS proceeding was instituted by Brayton J. Hand, as relator, against William W. Taylor, for an alleged usurpation of the office of county treasurer of Randolph. The facts of the case, as presented by the information and answer thereto, were these: On the 2d February, 1852, the office of county treasurer being vacant, one Charles W. Stratham was appointed by the commissioners' court of the county to fill the vacancy, and qualified according to the requisitions of the statute. At the general election on the first Monday in August, 1854, said Taylor was elected to the office, and immediately gave bond, but did not enter on the discharge of his duties until the 2d February, 1855; the duties of the office until that time being discharged by said Stratham under his appointment by the commissioners' court. At the next general election, held on the first Monday in August, 1857, Hand, the relator, was elected to the office, and immediately gave bond, and insisted on his right to enter forthwith upon the discharge of his duties. This claim was resisted by Taylor, on the ground that his own term of office did not expire until the 2d February, 1858. On the question of law presented by these facts, the circuit judge decided in favor of the relator; holding the defendant's answer insufficient. The several statutes whose construction is involved in the question, and which may be found in the Session Acts of 1851–52, on pages 477 and 478, are stated at sufficient length in the opinion of the court.

Before filing an answer to the information, the defendant moved to dismiss the proceeding, because the relator had not given security for costs. The relator then gave bond, with security, for the payment of the costs, which was approved by the court; and the motion to dismiss was then overruled; to which the defendant excepted.

These two rulings of the court are now assigned as error.

J. W. GUINN, and FALKNER & RICHARDS, for appellant.

JNO. T. HEFLIN, contra.

WALKER, J.—By the act of 15th January, 1852, the treasurer for Randolph and some other counties is made. eligible by the qualified voters, "at the same time, and in like manner, as sheriffs and clerks of said county;" and the commissioners' court is authorized to make appointments for filling vacancies, "until the next succeeding general election."—See Pamphlet Acts of '51–'52, p. 477. By an act adopted twenty-four days afterwards, the statute of 15th January, '52, was suspended as to Randolph county, until the first of February, 1854. During the interval between the adoption and suspension of the act of 15th January, 1852, the commissioners' court of Randolph county elected a county treasurer. The act of 15th January, 1852, was of force at the time of the election.

The rule, which once prevailed in England, that acts of Parliament should be deemed to have been in force from the first day of the session, when not otherwise prescribed, does not obtain here, for reasons which are explained in the case of the Mobile and Ohio Railroad Company v. The State, 29 Ala. 573. It results, that statutes passed at the same session are not to be regarded as having effect from the same day, or as constituting one act, because they pertain to the same subject.

The act of 15th January, 1852, was of force from the date of its approval, and continued in operation, until the suspension act of 9th February, 1852, (twenty-four days afterwards,) was adopted. The appointment of a

Taylor v. The State, ex rel. Hand.

treasurer was, then, made by the commissioner's court of Randolph county while the act of 15th January, 1852, was of force. The commissioners' court had no power, at that time, to make an appointment to continue longer than the next general election. On the 18th February, 1854, another act was passed, by which it was prescribed, that the county treasurer of Randolph county should be elected by the people. On the first Monday in August, 1854, an election of treasurer was had; but the treasurer appointed by the commissioners' court continued in office, until the 3d February, 1855, at the expiration of three years from his appointment. Now it is manifest that, after the election on the first Monday in August, 1854, the appointee of the commissioners' court ceased to be the treasurer, *de jure*. It is unnecessary for us to inquire whether his term of service did not expire at an earlier day. Upon the election in August, 1854, the treasurer elect had a right to the incumbency of the office; and that he yielded to the claim of his predecessor, and permitted the latter to discharge the duties of the office until the succeeding February, can give him no right to extend his term of service an equal length of time into the term of his successor. We decide, therefore, that the relator in this case had a right to the office of treasurer, from his qualification, in August, 1857.

Section 2655 of the Code, in reference to the proceeding by *quo warranto*, says: "A judge of the circuit court may direct such action to be brought, whenever he believes these acts can be proved, and it is necessary for the public good; or it may be brought on the information of any person, giving security for the costs, to be approved by the clerk of the court in which such action is brought." Under the authority of this section, we decided, in the State, *ex rel.* Burnett v. The Town Council of Cahaba, 30 Ala. 66, that the omission to give security for the costs was a fatal objection to such a proceeding as this. The statute contemplates that the security should be given before the commencement of the suit. The security is a condition precedent to the right under the statute of instituting the proceeding. The decisions of this court,

before the adoption of the Code, were in reference to an entirely different statute.—Lyon v. Long, 6 Ala. 103; Reese v. Billing, 9 Ala. 263; Whitaker v. Sanford, 13 Ala. 522. Those decisions are not applicable to the question in hand. We think we should virtually abrogate the statute, by holding that the security for costs could be given pending the suit.—Harris v. Alabama and Tennessee Rivers Railroad Co., 25 Ala 232. The court erred, therefore, in overruling the motion to dismiss for want of security for costs; and the judgment of the court below must be reversed, and a judgment must be here rendered, dismissing the proceeding, and awarding against the relator, B. J. Hand, the costs of the court below, and of this court.