## Good v. Jones.

### *Attachment Suit by Non-Resident.*

1. *Security for costs.*—In an attachment suit by a non-resident, an acknowledgment as security for the costs (Rev. Code, §§ 2802, 2937) may be indorsed on the attachment, bond, or affidavit, or written on a separate paper, and filed with the other papers in the cause; and if it is accepted as sufficient by the officer issuing the attachment, either before or at the time the writ is issued, it is not necessary that such acceptance shall be indorsed on it, or reduced to writing: when such acknowledgment is found among the papers of the cause, its acceptance in fact, though not in writing, may be proved subsequently; and if there be any doubt about it, the plaintiff should be permitted to give new security.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. W. B. WOOD.

This action was brought by George S. Good, against W. W. Jones, and was commenced by attachment, sued out before a justice of the peace, on the 4th January, 1876. The plaintiff being a non-resident, security for the costs was given by a writing, indorsed on the attachment bond, and signed by W. W. Baker and J. K. Bayless, in these words: "We acknowledge ourselves plaintiff's security for costs in this case." The attachment being made returnable to the Circuit Court, the defendant there moved to dismiss the suit, for want of security for the costs; and the court granted the motion, although the plaintiff offered to prove, by the justice who issued the attachment, that he accepted the said acknowledgment as sufficient security for the costs, before he issued the attachment; and also refused to allow the plaintiff then to give such security for the costs as the court might direct. These rulings of the court, to which the plaintiff excepted, are now assigned as error.

E. H. FOSTER, for appellant.

BRICKELL, C. J.—The statute requiring security for the costs of suit, commenced by attachment in favor of a non-

resident or corporation, is satisfied, if the securityship is in writing, filed with, and forming part of the original papers of the suit. It may be an acknowledgment in proper form, on a separate paper, or it may be indorsed on either the writ, bond, or affidavit. It must be taken and approved by the officer issuing the attachment, either before, or cotemporaneous with the issue of the writ.—R. C. § 2937. The failure of the officer to enter in writing his approval of the securityship, will not vitiate it. It is competent for him subsequently to enter such approval, if evidence in writing of the fact is desired by either party. The approval is simply an acceptance by the officer of the acknowledgment and the sureties as sufficient. When the acknowledgment is found with the files, and is shown to have been executed with his knowledge, and his attention called to it, without any objection being made by him to it, the presumption of approval is violent, if not conclusive. If there be a doubt, in such case, of the fact of approval, the plaintiff's suit should not be dismissed, but he should be permitted to give new and sufficient security. The securityship given by the plaintiff was a substantial compliance with the statute, and the Circuit Court in ruling otherwise erred.

The judgment is reversed, and the cause remanded.