# Little *et al. v.* State *ex rel.* Huey *et al.*

## *Quo Warranto Proceeding.*

1. *Quo warranto proceeding; security for cost must be given.*—
   Under section 3421 of the Code, in a *quo warranto* proceeding filed by the State on the relation of any person, the giving of security for costs by the relator is a condition precedent to the maintenance of the proceeding.

2. *Quo warranto proceeding; effect of security for costs not being approved by the clerk.*—In a *quo warranto* proceeding, failure by the clerk to enter his approval upon the paper purporting to be a security for costs, does not vitiate it as such; and nothing appearing to the contrary, a presumption may be indulged that it was approved by him, but this presumption is not conclusive and may be rebutted by proof that it was not in fact approved.

3. *Quo warranto proceeding; admissibility of evidence.*—In a *quo warranto* proceeding, where the security for costs does not show that it was approved by the clerk, and there was a motion made to dismiss the proceeding upon the ground that no security for costs had been given and approved, it is competent for the defendant who made the motion, during the examination of the clerk, to show by him that he did not approve the security offered and expressly refused to do so.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was a *quo warranto* proceeding and was instituted by the State on the relation of T. T. Huey *et al.* filing a petition addressed to the judge of the city court of Bessemer.

[Little *et al.* v. State *ex rel.* Huey *et al.*]

It was averred in the petition that the petitioners had been and were the duly elected board of mayor and aldermen of the city of Bessemer, and were exercising all the corporate powers, franchises and privileges and rights conferred upon them and were discharging the duties of their said offices; that on March 17, 1903, the respondents E. A. Little and others were appoined by the Governor of the State a board of police commissioners for the city of Bessemer and were claiming by virtue of such appointment to be clothed with the power and charged with the duty of exercising the exclusive right to appoint a chief of police and such other officers and police as they might deem necessary for the proper protection of said city and were claiming the right to exercise certain other enumerated powers; that said Little and the other respondents under such claim had usurped, intruded into and were unlawfully holding and claiming to exercise such powers, franchises and rights as had by act of the legislature establishing a charter for the city of Bessemer been conferred upon the board of mayor and aldermen of the city of Bessemer; and said respondents had organized and were proceeding to exercise the rights of the board of police commissioners. It was then further averred that the Governor of the State was without authority or legal power to appoint the respondents as such board of police commissioners, and that there was no such office under the constitution and laws of the State.

The prayer of the petition was for the issuance of a writ showing by what authority the respondents claimed the rights and powers to exercise the office of the board of police commissioners, and that it be adjudged that they were intruding upon the powers and rights conferred upon the board of mayor and aldermen of the city of Bessemer, and that the respondents be excluded from the exercise of any of the powers, privileges or management, control or regulation of the police power or of the sanitary power of the city of Bessemer.

The purpose of the proceeding instituted by said petition was to test the constitutionality of the act of the legislature approved March 3, 1903, creating a board of police-commissioners for the city of Bessemer, and au-

41c

[Little *et al.* v. State *ex rel.* Huey *et al.*]

thorizing the Governor to appoint police commissioners for the city of Bessemer.

Upon the filing of the information and the issuance of the writ, the respondents filed a motion to dismiss the writ and the proceeding, upon the ground that the relators had failed to give security for costs. The facts in relation to this motion are sufficiently stated in the opinion. Upon the overruling of this motion the respondents filed a demurrer to the petition. This demurrer was overruled, and thereupon the respondents filed an answer in which they set up that the act creating a board of police commissioners for the city of Bessemer conferred the power upon the Governor to appoint said board, and that they were duly appointed by the Governor under said act and were proceeding to exercise the rights, powers and privileges conferred by said act. The petitioners demurred to this answer upon the ground that the act set up in said answer was unconstitutional and void, upon the ground that said act was contrary to section 104 of the constitution of 1901, was in violation of section 45 of the said constitution, was in violation of sections 105 and 106 of the constitution. The court sustained the demurrers to this answer and the defendants declining to plead further, judgment was rendered in favor of the petitioner and it was ordered that the respondents be excluded from the office of police commissioners of the city of Bessemer. From this judgment the respondents appeal and assign as error the rulings of the court upon the motion and the demurrer.

PINCKNEY SCOTT, L. D. GODFREY and BOWMAN, HARSH & BEDDOW, for appellant.—Security for cost must be given as a prerequisite to the commencement of the suit, whenever the action is brought without the direction of the judge of the circuit court as this action was brought. Sec. 3421, Code of 1896; *Taylor v. State*, 31 Ala. 386; *State ex rel Burnett v. The Town Council of Cahaba*, 30 Ala. 66.

W. F. PORTER and JAMES A. ESTES, *contra.*—The court did not err in overruling the respondent's motion to dis-

miss the proceeding.. It has been held by this court in numerous cases, and by other courts, that a deposit or leaving a paper with the clerk with the intention. to file the same, operates as a filing on that date as effectually as if actually filed.—*State ex rel Stow*, 51 Ala. 69.

HARALSON, J.—This petition appears to have been sworn to before the clerk and register of the court, on the 30th of March, 1903. On April 1st, following, the judge of said court issued his order, that upon the relator's giving security for costs of the proceeding, an alternative writ should issue according to the prayer of the petition. Following this order in the transcript, is found an acknowledgement as security for costs, signed by three persons, without date and without anything on it to indicate that it was filed, or that it was approved by the clerk. Next follows the return of the sheriff of date April 1st, 1903, showing the execution of the petition on the defendants. By section 3421 of the Code of 1896, it is provided that in an action of this character, it "may be brought without the direction of such judge [of the circuit court] on the information of any person giving security for the costs of the action, to be approved by the clerk of the court in which the action is brought." Construing this section, it was long ago held, that the statute contemplates, that the security should be given before the commencement of the suit, and that the security is a condition precedent to the right under the statute of instituting it.—*Taylor v. State*, 31 Ala. 383; *The State ex rel. v. Town Council*, 30 Ala. 66.

The failure of the clerk to enter on the paper purporting to be a security for the costs his approval, did not vitiate it as such, and nothing appearing to the contrary. the presumption might be indulged that it was approved by him. This presumption is not conclusive, however, but is subject to be rebutted by proof that it was not in fact approved.—*Good v. Jones*, 56 Ala. 538. It is proper to add, that no presumption can be raised that the security for costs was given and approved by virtue of the fact of the fiat of the judge of the city court found in the record, in respect to the giving of such security.

The defendants moved to dismiss the proceeding, on the ground, among others, that no security for costs had been given and approved by the clerk before the commencement of the suit, which motion the court overruled. In this connection defendants proposed to prove by the clerk, who was being examined as a witness, that he had not approved the security offered, but had expressly refused to do so. This evidence, on the objection of plaintiffs, the court would not allow. The evidence was admissible to rebut the presumption that might be otherwise indulged, that the security had been given, and the court erred in refusing to admit the evidence.

Since the case must be reversed for this error, the decision of the constitutionality of the act creating the police commission is at this time unnecessary and improper.—*Joiner v. Winston*, 68 Ala. 130.

Reversed and remanded.