(109 So. 357)

EVANS v. STATE ex rel. SANFORD, Circuit Solicitor. (7 Div. 652.)

(Supreme Court of Alabama. June 30, 1926.)

1. Quo warranto ⟲63.

Failure of individual instituting action in nature of quo warranto, under Code 1923, § 9932, subd. 1, to give security for costs at institution of proceedings, is fatal thereto.

2. Quo warranto ⟲42.

Under Code 1923, § 9933, order of judge authorizing institution of quo warranto proceedings in name of state is prerequisite to proceedings, without security for costs being first given.

3. Quo warranto ⟲42—Failure of judge to file order authorizing institution of proceedings without security for costs held fatal to proceeding (Code 1923, § 9932, subd. 1, and section 9933).

Failure of judge authorizing institution of quo warranto proceedings, under Code 1923, § 9932, subd. 1, to file order dispensing with necessity of security for costs, as required by section 9933, _held_ fatal to proceeding.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Proceeding in the nature of quo warranto by the State of Alabama, on the relation of J. B. Sanford, Circuit Solicitor, against Dwight L. Evans. From the judgment, respondent appeals. Reversed and remanded.

Knox, Acker, Sterne & Liles and Merrill, Field & Allen, all of Anniston, for appellant.

Communications or directions of the judge, not made in open court, nor entered in the minutes, nor filed in the proceedings, are mere personal, unofficial acts, and are without weight or effect in judicial proceedings. Naro v. State, 212 Ala. 5, 101 So. 666; Ex parte Bradshaw, 174 Ala. 243, 57 So. 16; Speed v. Cocke, 57 Ala. 209. The direction of the judge in this case did not relieve against the ne-

cessity for giving security for costs and joining informant as a party.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for appellee.

The order of the judge directing institution of the action is not required to be a matter of record. Code 1923, § 9930. Security for costs is not required to be given by relator, when the action is brought under the direction of the judge. Code 1923, c. 337. Donovan v. State ex rel. ante, p. 55, 109 So. 290.

GARDNER, J. Action in the nature of quo warranto, brought in the name of the state against respondent (appellant here) for the purpose of excluding him from the exercise of the profession of treating or offering to treat diseases of human beings. Section 9932, subd. 1, Code 1923.

[1] Such a proceeding may be instituted on the information of some individual, but security for costs must be given. Section 9933, Code of 1923. In such a case the statute contemplates that the security should be given before the commencement of the suit, is a condition precedent to the right under the statute of instituting the proceedings, and cannot be afterwards supplied. A failure to give the security at the institution of the proceedings is fatal thereto. Such was the holding of this court in Taylor v. State, 31 Ala. 383, followed and approved in Little v. State, 137 Ala. 640, 34 So. 620.

[2] In the instant case the proceedings were instituted in the name of the state, without joinder of any person, and without any security for costs. In section 9933, supra, such course of procedure is authorized when the judge of the circuit court, believing that any of the acts in the preceding section can be proved, and that it is necessary for the public good, directs such action to be brought. The order of the judge of the circuit court in such cases takes the place of the joinder of an individual relator and security for costs. Manifestly such an order is a condition precedent to such a proceeding in the name of the state alone.

[3] The proceedings were instituted in August, 1925, and it developed on the hearing of respondent's motion to quash that no such order was on file, or had ever been filed, in the cause at the time the action was brought, or any time subsequent thereto, to the date of such hearing in October following. Upon the hearing of such motion, there was then produced for the first time a letter, addressed to the solicitor, which, it may be for the purposes here in hand conceded, authorized such proceeding, though it was merely in the form of a private communication, and signed as any letter from one individual to another. It was not filed, as previously stated, in the cause as a part of the proceeding at its institution, but merely an unfiled and unrecorded individual act of the judge. In Speed v. Cocke, 57 Ala. 209, is the following language here pertinent:

"The allowance of the claim must be matter of record. A court of record speaks only through its records."

Using language to like effect, this court, in Ex parte Bradshaw, 174 Ala. 243, 57 So. 16, quotes approvingly the following from Mr. Freeman:

"All courts and all tribunals possessing judicial functions are required by the written or unwritten law, and often by both, to reduce their decisions to writing in some book or record kept for that purpose. The requirement is believed to be of universal application."

Speaking to the case then under consideration, the court further said:

"The order of extension, like the original order, must be the act of the court, as distinguished from the personal act of the judge, and as such must be in writing, signed by the judge, and filed or entered of record, unless made in open court; and even then it can be evidenced only by the notes or minutes of the court, as are other interlocutory orders thus made."

This is in accord with the generally accepted rule of law:

"The court hears arguments upon its records; it decides upon its records; it acts by its records; its openings and sessions and adjournments can be proved only by its records; its judgments can only be evidenced by its records—in a word, without its records it has no vitality. The acts of a court of record are known by its records alone, and cannot be established by parol testimony." 7 R. C. L. 1018.

It was given application in the more recent case of Naro v. State, 212 Ala. 5, 101 So. 666, wherein it was said:

"The rules of courts of record cannot rest in parol, but must be placed upon the record of the court (11 Cyc. 744), and the necessity for records of courts of such character, and what constitutes the record, is pointed out in 11 Cyc. 762, 763, and the cases cited therein."

We consider these authorities conclusive of the question presented. Any matters affecting the proceeding against respondent were required to be a part of the record. If, upon examination of the record in the instant case, the respondent finds no order of the circuit court judge directing such action, no duty rested upon him to make any inquiry to ascertain if any such direction had been given by any private communication, either verbal or written; but he had the right to rest upon the record, as courts of record "speak only through their records." Such an order was a condition precedent in this case. No such order was on file, or formed a part of the record of this cause, and it must logically follow, from a consideration of the foregoing authorities, that respondent's motion to quash should have been sustained.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.