192 So. 271

### Ex parte TALLEY.

### 8 Div. 14.

Supreme Court of Alabama.

Nov. 23, 1939.

528

Thos. W. Layne and Robt. F. Proctor, both of Huntsville, for petitioner.

Francis Esslinger, of Huntsville, for respondent.

BOULDIN, Justice.

The right of the citizen to use the name of the state in prosecuting an information in the nature of quo warranto under Code, § 9932, against one who intrudes into a profession, without a license, the certificate of qualification required by law, is purely statutory.

It may be brought "on the information of any person giving security for the costs of the action, to be approved by the clerk of the court in which the action is brought." Code, § 9933.

This provision dates back to the Code of 1852, § 2655.

In State ex rel. Burnett v. Town Council of Cahaba, 30 Ala. 66, it was stated in general terms: "Another fatal objection to this proceeding, instituted as it was on the relation of a private individual, is that no security for costs was given.—Code, § 2655."

In Taylor v. State ex rel. Hand, 31 Ala. 383, it was said: "The statute contemplates that the security should be given before the commencement of the suit. The security is a condition precedent to the right under the statute of instituting the proceeding. * * * We think we should virtually abrogate the statute, by holding that the security for costs could be given pending the suit.—Alabama & Tennessee Rivers Railroad Co. v. Harris, 25 Ala. 232."

These rulings have been consistently followed in several later cases; and must be now deemed the settled construction of the statute, many times re-codified, without change. Capital City Water Co. v. State ex rel. Macdonald, 105 Ala. 406, 18 So. 62, 29 L.R.A. 743; Little et al. v. State ex rel. Huey et al., 137 Ala. 640, 34 So. 620; Evans v. State ex rel. Sanford, 215 Ala. 61, 109 So. 357; Ex Parte State ex rel. Hillhouse (Hillhouse v. Hillhouse), 221 Ala. 678, 130 So. 206.

In Capital City Water Co. v. State ex rel. Macdonald, supra, it was observed these proceedings, although shorn of the highly criminal incidents of quo warranto at common law, are not civil actions for redress of private right. In that case, no security had been given prior to or contemporaneous with the commencement of the action, but had been given and approved some days later, and respondent without objection had proceeded to litigate the case, and some two years later had moved to dismiss because the security was not given when suit began as per statute. Held, respondent may waive the irregularity, and did waive it under the facts stated.

While the first line of cases above are strict in their holding to the effect that giving the security beforehand is essential to qualify the relator to proceed in the name of the state, and without such condition precedent, is himself usurping the functions of the state, still, if the respondent, after the relator has put himself in position to maintain the suit, joins in the litigation and accumulation of costs, he cannot complain. The logic of this case is that the bringing of such proceeding without giving security in advance is not jurisdictional in the sense that the court never acquires jurisdiction of the subject matter and the parties.

In Lee et al. v. State ex rel. Buck, Ala. Sup., 39 So. 720, security had been given when suit brought, but was challenged as insufficient in that it covered only the costs of the Circuit Court. Pretermitting that question, this court declared: "Conceding that the security was imperfect, which we do not decide, it was in form at least a security for costs in the action, given before the suit was commenced, and had for its object a compliance with the statute, and the plaintiff was properly allowed to file an additional security. It is not denied that the additional security which was

filed, was good and sufficient. Wilson v. Duncan, 114 Ala. [659] 670, 21 So. 1017; Peavey v. Burket, 35 Ala. 141; Stribling v. Bank of Kentucky, 48 Ala. 451; Code 1896, § 3331."

This case has never been published in our official reports, nor has it been cited, so far as the references show.

It will be observed that the citations to that holding dealt with security for costs required under other statutes, dealing with suits by non-residents and corporations. The same may be said of citations to the ruling in Capital City Water Co. v. State ex rel. Macdonald, supra.

On the other hand very strict compliance was required as to these other statutes in our early decisions. Later decisions questioned whether such decisions went too far, and held they would not be extended, and unless motion was promptly made before appearing and pleading to the merits, the objection was waived. Heflin v. Rock Mills Manufacturing & Lumber Company, 58 Ala. 613.

On principle a distinction may be drawn between a statute fixing a condition precedent for the qualification of persons to sue as relators in the name of the state, and statutes regulatory in character, requiring security for costs in suits to enforce private rights.

But our decisions have not fully recognized such distinction. We are dealing with questions of procedure, and it is important that lawyers and trial courts have clear rules on the subject.

Lee v. State, supra, presented a case in which a bona fide purpose to qualify by giving security in advance was found; one in which no intentional usurpation of the power of the state appeared. This was made the basis of the decision allowing sufficient security to be given after suit brought. We think there is sound reasoning and persuasive authority for such holding, and now re-affirm that case. It is not in necessary conflict with the cases first treated above.

In the instant case an instrument was filed as security for costs when suit brought, and duly approved by the clerk. It was in due form save that the penalty of the bond was fixed at $50, and it was signed only by the relators listed in the same document as parties to the action. There was no surety thereon. Respondent promptly appeared specially and moved to quash the summons and information for lack of security as required by law. As of course the proposed security did not conform to law; was indeed no "security" at all, since the obligers were only those already bound for costs as parties. Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803; Griswold v. Thornton et al., 129 Ala. 454, 30 So. 717.

The trial Judge, respondent in this suit, in his answer, discloses a finding and conclusion on his part that there was no intent on the part of the relators to proceed without a compliance with the law, that they were acting in entire good faith. We see no good reason to question the trial court's views on this line. Nothing discloses a spirit of usurpation on the part of relators, but rather an effort to bring an action according to law, taking upon themselves the burden of meeting any costs taxed against them on failure to sustain the charge.

We conclude, therefore, there was no abuse of discretion in permitting a good and sufficient security to be filed and approved on the hearing of the motion to quash the summons, etc.

But, it appears that the instrument filed at that time did not comply with the law. The former instrument was amended by adding a surety, but the penalty of the bond was still limited to $50.

The order of the court on September 22, 1939, discloses respondent objected at the time, moved to strike the amended security, which was overruled; the original motion to quash also overruled, and the cause set down for hearing on answer upon a day certain, October 2nd. This ruling stamped the new security with the approval of the court, and forced respondent to a hearing on the merits without the security required by law.

This was error. Mandamus is the proper remedy. Ex Parte Bradshaw, 174 Ala. 243, 57 So. 16.

The respondent incorporates in his answer a security filed and approved September 28th in full compliance with the statute. This was on the same day the petition to this court was verified. Rule nisi issued on the following day. The order of September 22nd looked to no further filing of security at a later date. This did not cure the error in the rulings under review.

The petition for mandamus directing the trial court to strike the security filed

September 22, quash the information and summons, and dismiss the suit at costs of relators, is due to be granted. If relators wish to proceed upon security given September 28, 1939, a new information should be filed. The costs to date should not stand against defendant, in case a proper proceeding is begun.

The trial Judge will doubtless proceed in accordance with this opinion without actual issuance of a writ.

Mandamus granted.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.