56 So.2d 106

### STATE ex rel. RADCLIFF et al. v. LAUTEN.

### I Div. 471.

Supreme Court of Alabama.

Jan. 10, 1952.

J. B. Blackburn and Chason & Stone, all of Bay Minette, for appellee.

FOSTER, Justice.

This is a proceeding to oust by quo warranto appellee who was appointed circuit solicitor to fill a temporary vacancy created by reason of the induction into the Armed Forces of the solicitor elected to that office.

The first matter we will treat is whether security for costs was given as required by section 1137, Title 7, Code. The petition was not filed on the order of the judge of the circuit court but by the State on the relation of certain named individuals, who eventually made themselves parties to the petition, as was necessary.

Curtis L. Moody, Mobile, and C. LeNoir Thompson, Bay Minette, for appellants.

Section 1137, supra, requires security for costs approved by the clerk to be given. Such security for costs must be given before the commencement of the suit and is a condition precedent to the jurisdiction of the court. Wenzel v. State ex rel. Powell, 241 Ala. 406, 3 So.2d 26; Owen v. State ex rel. Bailes, 240 Ala. 582, 200 So. 412; Birmingham Bar Ass'n v. Phillips & Marsh, 239 Ala. 650, 196 So. 725; Evans v. State ex rel. Sanford, 215 Ala. 61, 109 So. 357; Little v. State ex rel. Huey, 137 Ala. 640, 34 So. 620. That is a condition on which the right to proceed in the name of the State is given to individuals. Baxter v. State ex rel. Metcalf, 243 Ala. 120, 9 So.2d 119.

There was deposited $15.00 as security at the commencement of the proceeding. The trial court required relators "to furnish security for cost in the amount of $300.00 in addition to the $15.00 already deposited." A bond was made pursuant to that order in the sum of $300.00, whereby the bondsmen acknowledged "themselves for cost in the sum of $300.00 as security for the cost and said quo warranto proceeding in the Circuit Court of Baldwin County." This was approved by the clerk July 11, 1951. The original petition was filed June 28, 1951. There was no other security given.

We are therefore confronted with the question of whether a deposit of $15.00 approved by the clerk complies with § 1137, supra, that security for the costs of the action must be given. We look to other statutes for analogies, since this direct question has not been decided. Section 238, Title 17, Code, provides for the contest of an election. It requires security for costs to be *filed* and approved at the time of commencing the contest. It is noted that this statute requires the security to be "filed". Emphasis was given that status in Pearson v. Alverson, 160 Ala. 265, 49 So. 756, holding that a deposit of $100.00 was not a compliance with the statutory requirement and that it could not be supplied after the expiration of the time limit in which the proceeding could be begun, and therefore the cause should be dismissed on motion.

In Ex parte Shepherd, 172 Ala. 205, 55 So. 627, it was observed that a sufficient bond required in an election contest is jurisdictional, but if an insufficient bond is filed with the petition, and later a sufficient bond is filed and approved within the time allowed by law for contesting, the petition will be treated as filed when the bond shall be presented in proper form and approved. But a bond which complies with the statute as security must be filed within the time in which a contest could be begun.

In other cases, it was held that if some sort of security is given in a bona fide effort to comply with the statute, but it is not a full compliance, it is sufficient for jurisdictional purposes to allow an amendment of the security to be made within the time allowed for starting the suit by giving the required security. Peavey v. Burket, 35 Ala. 141, extending Ex parte Morgan, 30 Ala. 51, in that respect. Stribling v. Bank of Kentucky, 48 Ala. 451; Wilson v. Duncan, 114 Ala. 659, 21 So. 1017; Lowery v. Petree, 175 Ala. 559, 57 So. 818; Ex parte Shepherd, 172 Ala. 205, 55 So. 627; Bowen v. Holcombe, 204 Ala. 549, 87 So. 87; Groom v. Taylor, 235 Ala. 247, 178 So. 33.

This principle is consistent with that which holds that if no security is given when the proceeding is begun it cannot be afterwards given: for then the court can take no step. Taylor v. State ex rel. Hand, 31 Ala. 383; Little v. State ex rel. Huey, 137 Ala. 640, 34 So. 620; Ex parte Talley, 238 Ala. 527, 192 So. 271. This latter case reaffirms Lee v. State ex rel. Buck, Ala. Sup., 39 So. 720, pointing out the difference in the two aspects of the principle.

Although the deposit of $15.00 may be sufficient to sustain the jurisdiction of the court to allow the security to be amended to comply with § 1137, Title 7, supra, no time limit being fixed by statute in which quo warranto may be begun, we think the amended security was insufficient when so measured. There is a limit of liability prescribed in it, towit, $300.00. The statute does not permit such a limited security. It must secure all the costs which may accrue, regardless of the amount of

562

them. Wilson v. Duncan, supra; Ex parte Shepherd, 172 Ala. 205, 216, 55 So. 627; Ex parte Morgan, 30 Ala. 51.

Relators did not offer to give the security required by statute but took a non-suit to test the ruling of the court. If they had offered the proper security the court would probably have allowed it.

We need not discuss other questions presented and argued.

Affirmed.

All the Justices concur, except GOODWYN, J., not sitting.