246 So.2d 429

**Emma L. Holley SINGLETON et al.**

v.

**W. R. PERKINS et al.**

**5 Div. 901.**

Supreme Court of Alabama.

Feb. 4, 1971.

Rehearing Denied April 15, 1971.

Howard C. Alexander, Montgomery, for appellants.

Reneau & Reneau, Wetumpka, for appellees.

## PER CURIAM.

This is an appeal from a final decree of the Elmore Circuit Court, In Equity, establishing a boundary line between coterminous owners of lots. The decree also enjoins appellants from maintaining a concrete block fence on the lands of appellees, west of the established line; orders its removal; and orders the erection of another on the established line.

This cause was here submitted on motion to dismiss the appeal, filed by appellees, and on the merits. Attorneys for appellees certify that a copy of the motion was served on appellants' attorney prior to submission by sending the same by prepaid mail.

One ground of the motion, argued in brief, is that no proper bond as security for costs was given by appellants. An acknowledgment therefor, signed only by appellants, was filed and approved as security for costs. In the record, but not marked filed or approved, is an acknowledgment as security for costs signed by Howard C. Alexander.

The original instrument, signed by appellants, is not in compliance with the mandate of § 792, Title 7, Code 1940, as Recompiled 1958, which has been decided by this court to be peremptory. King v. McCann, 25 Ala. 471.

We said in Davis v. McCampbell, 37 Ala. 609, 612:

"* * * The appeal was taken from the judgment of the circuit court, dismissing the *supersedeas*. That judgment was rendered against J. L. Davis, and M. J. Turnley, his surety on the *supersedeas* bond; the judgment being against both of them. M. J. Turnley is the only surety for costs of the appeal to this court. Being a party to the judgment appealed from, the execution by him of the obligation intended as a security for costs, is not a compliance with section 3041 of the Code (now § 792, supra). There is no security for costs, and the appeal must be dismissed." (Par. Added)

We observed in Ex parte Talley, 238 Ala. 527, 192 So. 271, ¶ [4]:

"* * * As of course the proposed security did not conform to law; was indeed no 'security' at all, since the obligers were only those already bound for costs as parties. (Citations Omitted)" (238 Ala. at 530, 192 So. at 273)

See also Griswold v. Thornton, 129 Ala. 454, 30 So. 717, wherein the three parties signing as security for costs, which was taken and approved by the register, were parties to the suit. In dismissing the appeal because of the insufficiency of the security for costs as quoted in Carr v. Samuels, 285 Ala. 170, 172, 229 So.2d 920, 922, the court wrote:

"'The security for costs in this case being signed by only those who were parties to the suit in the court below, is not in compliance with the requirements of Section 439 (now Section 792, supra), which has been decided by this court to be peremptory. (Par. ours.)

"* * *

"'As no security for costs was given in compliance with the statute, it follows that the motion to dismiss must prevail.'"

See also Gray v. State, 279 Ala. 333, 185 So.2d 125, ¶ [3, 4], where we held, consonant with prior decisions, that:

"An appeal is taken to an appellate court, not as a vested right, but by grace of a statute and must be perfected and prosecuted pursuant to the time and manner prescribed. * * *." (279 Ala. at 336, 185 So.2d at 128)

The proposed security for costs in the instant case, signed only by appellants, is defective and insufficient and cannot serve as security for costs. The second instrument, proposing to be auxiliary security, has no legal significance because it does not appear to have been filed and approved as provided by law.

The motion of appellees to dismiss this appeal for failure of appellants to give security for costs as provided by law has merit and should be granted. The appeal is therefore dismissed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Appeal dismissed.

HEFLIN, C. J., and SIMPSON, COLEMAN, HARWOOD and McCALL, JJ., concur.