Lloyd Brannon and Barbara Jordan, who refer to themselves as residents of an "alleged City of Smith Station, Alabama," and co-chairpersons of the "Just Say No Committee" ("the residents"), appeal from a judgment dismissing their quo warranto action. We affirm.
No evidence was presented before the court dismissed this action; therefore, no factual record has developed. However, the residents allege the following:
 "On August 25, 1999, a petition (with map, a non-legal description of the proposed area to be incorporated, and signatures attached) was filed in the Office of Lee County Probate Judge Hal Smith by a group of citizens in an unincorporated area of Lee County known as Smith Station, requesting that an incorporation election be held pursuant to Section 11-41-1, [Ala. Code 1975]. The Probate Judge entered an order setting an election for September 21, 1999. Subsequently, it was discovered that portions (3 out of 105 quarter-quarter sections) proposed to be incorporated had previously been annexed by the City of Phenix City, Alabama. Accordingly, on September 10, 1999, Probate Judge Hal Smith issued an order canceling that election and Judge Smith returned the petition to the petitioners. Thirty days later (the original petition had taken almost three (3) years to complete), on November 10, 1999, a petition was again submitted that was `substantially' the same as the previous filing, except that it excluded the three `problem' areas previously identified (those quarter-quarter sections already annexed by the City of Phenix City, Alabama) and added two `other' quarter-quarter sections. This petition allegedly had a `new' map, `new' legal description, and `new' signatures. Despite the fact that this `new' petition was clearly an amended version of the prior petition, Probate Judge Hal Smith set an election date of December 7, 1999.
 "An election was held on December 7, 1999, and the incorporation passed by a narrow margin (579 for and 534 against).
 "The Plaintiffs, Lloyd Brannan, et al., filed suit in Lee County Circuit Court to have the incorporation election declared null and void. Defendant Hal Smith, Probate Judge of Lee County filed [on January 11, 2000,] a Motion to Dismiss. Plaintiffs [then] amended this original filing with a Petition for Writ of Quo Warranto and Amendment filed February 1, 2000."[1]
Brief of Appellants, at 4-5 (emphasis in original; citations to the record omitted).
The amendment of the "original filing" was the residents' only written response to the January 11, 2000, motion to dismiss. The amendment, which was filed on February 1, 2000, stated: "The Plaintiffs bring this action in Quo Warranto on relation of Lloyd Brannan and Barbara Jordan, as residents of the alleged City of Smith Station, Alabama." In addition to Judge Smith, the petition named as a defendant the City of Smith Station, Alabama (the "City"). The petition was accompanied by a motion to add the City as a party defendant.
On February 25, 2000, Judge Smith moved to dismiss the quo warranto
petition, arguing, among other things, that the "petition [was] insufficient as a matter of law." In particular, Judge Smith (1) noted that the petition was not brought in the name of the State of Alabama, and (2) stated that the residents had failed to post *Page 295 
security for costs. The residents filed no written response to that motion.
On February 29, 2000, the circuit court entered a judgment dismissing this quo warranto action, stating: "The court finds that this court has no jurisdiction of this matter based on the provisions of [Ala. Code 1975, § 17-15-6]. Accordingly, the MOTION TO DISMISS . . . filed by the Defendant is GRANTED. This proceeding is dismissed." From that judgment, the residents appealed.
On appeal, Judge Smith reiterates his challenges to the quo warranto
petition. As a third ground, he argues that a writ of quo warranto is not a valid procedural device by which to challenge his role in the incorporation election. Although the residents do not respond to any of these arguments, they, nevertheless, insist that a writ of quo warranto
"is proper and available to attack the original incorporation of a municipality." Brief of Appellants, at 8.
 I. Proper Party
Judge Smith contends that he is not a proper party to this quowarranto proceeding, because, he asserts, there has been no allegation that he is "`usurp[ing], intrud[ing] into or unlawfully hold[ing] or exercis[ing] any public office, civil or military, any franchise, [or] any profession. . . .'" Brief of Appellee, at 12 (quoting Ala. Code 1975, § 6-6-591). We agree.
"In this state quo warranto is a statutory proceeding and to be maintained it must meet the requirements of the statute as to parties and procedure." State ex rel. Norrell v. Key, 276 Ala. 524, 525, 165 So.2d 76,77 (1964). A quo warranto action may proceed under either Ala. Code 1975, § 6-6-590 (against a corporation), or under § 6-6-591
(against an individual or a corporation), but not under both. State exrel. Fuller v. Hargrove, 277 Ala. 688, 689-90, 174 So.2d 328, 329 (1965) ("Where allegations of the information authorize relief under §§ [6-6-590 and -591], the petitioner must elect under which section he will proceed.").
More fully, these sections provide:
 "[§ 6-6-590](a) An action may be commenced under this article, in the name of the state, against the offending corporation, on the information of any person for the purpose of vacating the charter or annulling the existence of any corporation, other than municipal, whenever such corporation:
 "(1) Offends against any of the acts creating, altering or renewing such corporation;
 "(2) Violates the provisions of any law, by which such corporation forfeits its charter, by abuse of its powers;
 "(3) Has forfeited its privileges or franchises by failure to exercise its powers;
 "(4) Has done or omitted any act which amounts to a surrender of its corporate rights, privileges and franchises; or
 "(5) Exercises a franchise or privilege not conferred on it by law."
 "[§ 6-6-591](a) An action may be commenced in the name of the state against the party offending in the following cases:
 "(1) When any person usurps, intrudes into or unlawfully holds or exercises any public office, civil or military, any franchise, any profession requiring a license, certificate, or other legal authorization within this state or any office in a corporation created by the authority of this state;
 "(2) When any public officer, civil or military, has done or suffered any *Page 296 
act by which, under the law, he forfeits his office; or
 "(3) When any association, or number of persons, acts within this state as a corporation without being duly incorporated."
(Emphasis added.)
The residents have not identified any provision of the quo warranto
statutory scheme upon which they rely. Judge Smith is not a corporation and the residents do not allege that he "unlawfully holds or exercises any . . . office." The residents challenge only certain actions taken by Judge Smith in connection with the petition authorizing the incorporation election of December 7, 1999. Therefore, the residents have not demonstrated that quo warranto is a valid procedural device by which to proceed against Judge Smith.
 II. Proceedings in the Name of the State
Judge Smith also challenges the residents' action on the ground that it was not brought upon their relation in the name of the State. Although the State of Alabama is a nominal party in quo warranto proceedings,Baxter v. State ex rel. Metcalf, 243 Ala. 120, 9 So.2d 119 (1942), the petition must be brought in the name of the State. This is so, not only because of the history and purpose of the quo warranto proceeding, but because, among other things, Ala. Code 1975, § 6-6-595, expressly provides: "Whenever an action is commenced under the provisions of this article on the information of any person, his name must be joined as plaintiff with the state." (Emphasis added.)
These requirements follow logically from the fact that, historically, "it was required that the proceeding should be instituted in the King's own right, in his name, and at the instance of his legal representative, the Attorney General." State ex rel. Paugh v. Bradley, 231 Mont. 46, 49,753 P.2d 857, 859 (1988). However, because "private individuals frequently had a stronger interest in initiating quo warranto proceedings than did the government, especially in connection with offices in corporate bodies, there grew up a class of informations in the nature ofquo warranto which were in fact initiated by private relators." Id.
In Alabama, "[t]he right of the citizen to use the name of the state in prosecuting an information in the nature of quo warranto . . . is purely statutory." Ex parte Talley, 238 Ala. 527, 529, 192 So. 271, 271
(1939). The writ retains its public flavor in that the issuance thereof "must serve the public good, although it may also incidentally benefit the person or persons that institute the action." Ex parte Sierra Club,674 So.2d 54, 57 (Ala. 1995) (emphasis added). Thus, a quo warranto
action may not be prosecuted, as the residents attempt to do, solely in the name of the relator.
 III. Security for Costs
A corollary difficulty with this proceeding is the apparent failure of the residents to provide security for costs.[2] This requirement is found in both § 6-6-590(b) and § 6-6-591(b). More specifically, § 6-6-590(b) provides: "[A]n action may be commenced . . . on the information of any person giving security for the costs of the action, to be approved by the clerk of the court in which the action is commenced." Similarly, § 6-6-591(b) provides that the action "may be commenced . . . on the information of any person giving security for the costs of the action, to be approved by the clerk of the court in which the action is brought." *Page 297 
The giving of security for the costs of the litigation "is a condition on which the right to proceed in the name of the State is given to individuals." State ex rel. Radcliff v. Lauten, 256 Ala. 559, 561,56 So.2d 106, 107 (1952). Otherwise stated, it "is a condition precedentto the jurisdiction of the court." Id., 56 So.2d at 106-07. See Wenzelv. State ex rel. Powell, 241 Ala. 406, 407, 3 So.2d 26, 26 (1941) ("failure to give security for costs in such proceedings . . . is jurisdictional and fatal to the proceedings"). "Without [the giving of] such security, [the relator] usurps the authority of the State."Birmingham Bar Ass'n v. Phillips Marsh, 239 Ala. 650, 657-58,196 So. 725, 732 (1940); see also Evans v. State ex rel. Sanford,215 Ala. 61, 109 So. 357 (1926).
 IV. Summary
For the reasons stated in Parts I, II, and III, we agree with Judge Smith that this quo warranto action was properly dismissed. Although we do not necessarily agree with the rationale on which the circuit court dismissed the action, we will "affirm the trial court's judgment if it is supported by any valid legal ground." Marvin's, Inc. v. Robertson,608 So.2d 391, 393 (Ala. 1992) (emphasis added). "[A] correct decision will not be disturbed even if the court gives the wrong reasons." Boykinv. Magnolia Bay, Inc., 570 So.2d 639, 642 (Ala. 1990). The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, LYONS, and JOHNSTONE, JJ., concur.
[1] After the filing of the quo warranto petition, the action proceeded as one in quo warranto.
[2] As we noted previously in this opinion, Judge Smith asserts that no security was given, and the residents do not refute that assertion.