131 So.2d 856

Dock CARPENTER

v.

Mae McCART.

4 Div. 63.

Supreme Court of Alabama.

June 29, 1961.

G. A. Lindsey, Elba, for appellant.

Fleming & Stephens, Elba, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to

the bill of complaint.as amended. The bill was filed by Mrs. Mae McCart against Dock Carpenter and seeks to set aside a deed made by Mrs. Mae McCart to Dock Carpenter on the 14th day of July, 1958.

The allegations of the bill show in substance the following. The complainant is an elderly person who is over the age of seventy years and is a widow. On and prior to July 14, 1958, she was the owner of and in possession of certain described lands located in the Elba Division of Coffee County, Alabama.

On July 14, 1958, complainant executed a deed to the respondent conveying to him the land hereinabove referred to and described in the deed which is attached to the bill, marked Exhibit A for identification and made a part thereof. The deed contains the following recital as to the consideration for the deed:

"For and in consideration of One Hundred & No/100 Dollars, and other valuable consideration to me in hand paid by Dock Carpenter, the receipt whereof is hereby acknowledged, do grant, bargain, sell and convey unto the said Dock Carpenter the following described property, * * *.

"The other valuable consideration mentioned hereinabove is that the grantee will pay and hold the grantor harmless from the payment of the balance now due, to-wit: $223.27 on a Federal Land Bank mortgage on the above described lands; and that grantee will move on the said lands and live there during the lifetime of the grantor and permit the grantor to live with his family in the dwelling house thereon in order that she may have companionship as long as she lives. It is contemplated hereby that grantor will support and maintain herself, but in the event that her financial circumstances become such that she is unable to support and maintain herself, then the grantee will support and maintain grantor as long as she lives."

The bill after setting forth the consideration for the deed as set forth in the deed itself, then further alleges that the complainant due to her age and her income is unable to support and maintain herself and the grantee although being requested to do so, has failed and refused to support the grantor.

The bill further alleges that the material consideration moving to the grantor to make said deed was the agreement on the part of the grantee to support the grantor, the complainant, and that the recited consideration of $100 as set forth in the deed was never in fact paid nor demanded nor was it contemplated that the said $100 would be paid.

The prayer of the bill is that upon a final hearing the court will make an order cancelling and annulling the deed which has been referred to and for such other relief, both general and special, to which the complainant may be entitled.

As we understand the situation the contention of the appellant is that the allegations of the bill are repugnant to the recitals in the deed, which set forth the considerations upon which the deed was executed and that this being true, the recitals in the deed take precedence over and control the allegations of the bill.

It appears that the bill was filed pursuant to § 15, Title 20, Code of 1940, which provides as follows:

"Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

It is settled as the law of this state that, with exceptions not here applicable, where a material part of the consideration for the conveyance of real estate is the agreement of the grantee to support the grantor

during life, the deed is void at the option of the grantor, if during the life of the grantor he takes proceedings in equity to annul such conveyance.

In McAdory v. Jones, 260 Ala. 547, 71 So.2d 526, 528, this court said:

"We think there are two reasons why the appellees cannot invoke that principle, assuming that the allegations of the bill are sufficient to that end. One reason is, we think, that the principle of those cases was superseded by the statute in question. In enacting that law the legislature was taking care of the grantor in a deed where a material part of the consideration was a promise to support him for life and under its terms it is immaterial whether that promise has been kept or not. There were two results, we think, which were fixed by that statute. One was that the grantor was given the privilege or option at any time during his life to have the deed vacated by taking proceedings in court, although there was no intent to defraud and although the grantee may have been performing his duty under his obligation to support. The other result fixed by the enactment was to confine that right to the grantor and limit it to his lifetime. * * *."

This court has further held that the grantee in a conveyance similar to the conveyance in the present suit, accepts the conveyance with the limitations of the statute written into it and with full knowledge of the rights of the grantor and the consequent defeasible character of the instrument. Bush v. Greer, 235 Ala. 56, 177 So. 341; Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507.

We consider it clear that the court acted correctly in overruling the demurrer to the bill as amended.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.