165 So.2d 76

STATE of Alabama ex rel.
W. E. NORRELL, Jr.

v.

Fred KEY.

4 Div. 185.

Supreme Court of Alabama.

April 30, 1964.

Rehearing Denied June 18, 1964.

John C. Walters, Troy, for appellant.

Chas. L. Woods and Chas. O. Stokes, Ozark, for appellee.

SIMPSON, Justice.

Appellant was nominated by the National State's Rights Party (Alabama branch) at a regular party caucus, for the office of Commissioner, District 3, Dale County, subject to the general election to be held on the first Tuesday in November, 1962. His nomination was certified to the Judge of Probate of Dale County, and the name of the appellee Fred Key, was certified to said Judge of Probate as the nominee of the Democratic Party. These were the only nominees. The Judge of Probate had the names of these two candidates printed on the ballot for the general election held on November 6, 1962. Following the election it was ascertained upon a canvass by the proper officials that Fred Key received 2,273 votes and the appellant received 678 votes. Thereupon, the Judge of Probate certified Fred Key as having been duly elected.

All of the above was stipulated by the parties to this litigation. It was further stipulated that the name of the appellee had been duly certified as a nominee for the position in question subject to the Democratic Party primary election held in May of 1962, and that the Judge of Probate had his name printed on the ballot used in that primary election. The appellee was opposed for nomination in the primary election. The election of the appellee as the nominee of the Democratic Party was decided by the voters of District 3, Dale County.

In August, 1963, appellant commenced a quo warranto proceeding seeking to oust the appellee from the office of Commissioner of District 3, and to have himself· declared to be the lawful holder of said office. Appellant asserts that the name of Fred Key was improperly placed on the ballot for the November, 1962 general election for the reason that he had not been properly nominated in the primary election conducted by the Democratic Party, on the basis of the contention that the appellee's nomination by the Democratic Party was properly the subject of a vote by the electorate from the entire county, and not only the voters residing in District 3. Claiming appellee's nomination in the primary election to be a nullity and therefore void, appellant bases his claim on Local Act No. 161, adopted by the Alabama Legislature in 1896, providing that " * * * commissioners shall be elected by the qualified voters of Dale County * * * " and § 339, Title 17, Code of Ala. 1940, which provides all primary elections must be held under the same requirements for the holding of regular State Elections.

In this state quo warranto is a statutory proceeding and to be maintained it must meet the requirements of the statute as to parties and procedure. Louisville & N. R. Co. v. State, 154 Ala. 156, 45 So. 296. As for public officers, the proceeding may be brought to oust from office any person who "usurps, intrudes into, or unlawfully holds or exercises any public office", or does an act which "forfeits his office". Title 7, § 1136, Code of Ala. 1940. In State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36, we said: "It will lie to test the qualifications of one to hold an office when they are sufficient to make it unlawful for him [sic] with them to hold the office. Those qualifications must go to his eligibility to hold the office or sufficient to cause its forfeiture". Here there is no question as to appellee's forfeiture of the office. The substance of appellant's complaint is that the appellee holds the office unlawfully, such being an attack on the appellee's qualifications as a nominee.

We find appropriate to a decision of this case the statement in 29 C.J.S. Elections § 141, p. 211: "Objections relating to nominations must be timely made. It is too late to make them after the nominee's name

has been placed on the ballot and he has been elected to office; his election cannot be impeached on the ground that statutory requirements regarding nominations were not complied with in his case * * *". At 18 Am.Jur., Elections, § 131, p. 263, it is said:

"It is a firmly established general rule that objections to irregularities in the nomination of a candidate should be taken prior to election. Voters finding a ticket or the names of candidates on the official ballot are not required to determine whether they are entitled to a place thereon, but may safely rely on the action of the officers of the law and on the presumption that they have performed their duty. Thus, an election in which the voters have fully, fairly, and honestly expressed their will is not invalid because the certificate of nomination of the successful candidate is defective through the omission of some detail; nor is the title of the successful candidate affected by a subsequent decision holding the law under which the nominations were made invalid. * * * Some decisions have gone so far as to hold that in the absence of a statutory provision to the contrary, an election is not invalidated by the fact that the nomination of the successful candidate was fraudulent and not made in the manner prescribed by statute, unless the noncompliance with the law had the effect of preventing a fair vote."

The holder of a certificate of nomination has the status of a quasi officer. Bridges v. McCorvey, 254 Ala. 677, 49 So. 2d 546. We make no decision whether quo warranto is an appropriate remedy to oust a nominee from that office. But see Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385, and cases there cited.

The judgment below was correct.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.