This is an appeal by Felicia Stallworth, Lorraine Fowler, Dorothy Resser, Tomas Costilla, and Myrtle Ruth Williams from a judgment dismissing their action against Andalusia Hospital, Inc., a dissolved corporation, and Andalusia Health Services, Inc., a corporation. We affirm.
Appellants are citizens and taxpayers of the State of Alabama and Covington County, Alabama.
Andalusia Hospital, Inc., was formed on 28 September 1962. This corporation was dissolved on 30 June 1981.
Andalusia Health Services, Inc., was formed on 2 July 1980.
Two of the purposes of Andalusia Hospital, Inc., as set forth in the certificate of incorporation, were as follows:
 "(c) To meet the needs of more people for low cost medical and hospital treatment and care.
 "(d) To maintain and operate said hospital facilities and carry out the foregoing objects and purposes so as to provide hospital services to those not able to pay for such services to the extent of the financial ability of the corporation so to do."
The hospital facility constructed by Andalusia Hospital, Inc., was financed by private donations from citizens of Covington County, Alabama, and by public funds.
Andalusia Hospital, Inc., operated for several years at substantial losses. During this period of time, appellants were employed by this corporation. These and other employees were informed of the financial problems of the corporation and were urged by the directors of Andalusia Hospital, Inc., and the administrator, to continue to work without merit raises but with a promise of better compensation when the corporation could afford it. These promises included lump-sum payments for merit raises that they would have otherwise received. The plaintiffs continued to work for Andalusia Hospital, Inc.
The assets of Andalusia Hospital, Inc., were sold to Hospital Corporation of America, Inc., during 1980. A substantial sum of money was received by Andalusia Hospital, Inc. Some employees of Andalusia Hospital, Inc., were paid sums of money, but no payment was made to any plaintiff or to over forty other employees.
Community Hospital of Andalusia, Inc., a wholly owned subsidiary of Hospital Corporation of America, Inc., is a hospital for profit. It presently operates the hospital previously owned by Andalusia Hospital, Inc. Its certificate of incorporation does not provide for health care to the indigent.
Andalusia Hospital, Inc., transferred the funds received from the sale of its assets to a corporation named Andalusia Health Services, Inc. Andalusia Health Services, Inc., has not used these funds to provide medical care for indigent persons.
Also relevant to this appeal are the facts established by the exhibits attached to appellants' complaint. On the basis of the facts established by these exhibits the trial court ruled that the complaint failed to state a claim for which relief could be granted.
Exhibit II to the complaint, incorporated by reference, is the certificate of incorporation of Andalusia Health Services, Inc. It was incorporated as a not-for-profit corporation under the "Alabama Non-Profit Corporation Act." The certificate shows that it was incorporated for the purpose of receiving and administering funds derived from the sale by Andalusia Hospital, Inc., of its hospital facilities, exclusively "for charitable health care services within the meaning of Section 501 (c)(3) of the Internal Revenue Code of 1954, amendments thereto and regulations thereunder." To that end, several specific powers were set out, *Page 1160 
including "to make hospital care available to indigent patients, or victims of medical disasters." Strict limitations were included in the certificate of incorporation to ensure that the funds received by the corporation could be used only as permitted under the Alabama Non-Profit Corporation Act, and under the provisions of the Internal Revenue Code governing the operation of charitable organizations. This was in accordance with Article IX of the certificate of incorporation of that corporation, which was styled "Distribution of Assets On Dissolution of Andalusia Hospital, Inc.," and which was referred to in Paragraph 5 of the articles of dissolution.
We note that providing hospital services to indigents was only one of the several purposes listed in the certificate of incorporation of Andalusia Hospital, Inc. and was only one of numerous ways in which Andalusia Health Services, Inc. was authorized to accomplish its purpose of administering its funds for charitable health care services.
Appellants' theories of recovery were that they were entitled to the appointment of a receiver to preserve the assets of Andalusia Health Services, Inc.; money judgments for each of appellants to be paid from the proceeds of the sale of Andalusia Hospital, Inc. in assumpsit for money had and received; and a judgment requiring Andalusia Health Services, Inc., to expend funds for hospital care of indigents.
The dispositive issue in this case is whether the allegations of the complaint, including the exhibits incorporated therein by reference, state a claim if any provable set of facts would support that claim under any cognizable theory of law. Rule 12 (b)(6), ARCP.
Under the allegations of the complaint, including the referenced exhibits, the response to the issue is in the negative.
Appellants' case rests upon the claim that when Andalusia Hospital was being operated, before its dissolution and the sale of its assets to Hospital Corporation of America, promises were made as set out above concerning pay raises when such raises became affordable. Clearly no assumpsit claim for money had and received by Andalusia Health Services from the sale of the assets of Andalusia Hospital can be supported by an agreement to later agree. Clanton v. Bains Oil Co.,417 So.2d 149 (Ala. 1982).
Bearing in mind this action is for money judgments in favor of appellants, there can be no basis for appointment of a receiver on the theory that assets of dissolved Andalusia Hospital, Inc., should be held to assure payment to appellants of judgments. There can be no judgments because appellants fail to state a claim upon which relief can be granted.
It follows from the stated premises that appellants have no standing to complain about whether Andalusia Health Services, Inc., is using funds, derived from the sale of assets of Andalusia Hospital, Inc. (dissolved), to provide medical care.
Moreover, as exhibits to the complaint and reference to the law will demonstrate, Andalusia Health Services, Inc., is not required to expend funds to provide medical care for the indigent. Article IX of Andalusia Hospital's corporate charter, "Distribution of Assets on Dissolution," provides in part: "No action shall be taken hereunder which would in any manner disqualify this corporation as an exempt charitable corporation under the Internal Revenue laws of the United States of America." It is also provided in that Article that the assets of the corporation in the process of dissolution shall be applied and distributed as provided in Section 243, Title 10, Code of Alabama 1940, or amendments thereto. Section 243 (c) states:
 "(c) Assets received and held by the corporation subject to limitations permitting their use only for charitable, religious, eleemosynary, benevolent, educational or similar purposes, but not held upon a condition requiring return, transfer or conveyance by reason of the dissolution, shall be transferred or conveyed to one or more domestic or foreign *Page 1161 
corporations, societies or organizations engaged in activities substantially similar to those of the dissolving corporation, pursuant to a plan of distribution adopted as provided in this chapter."
Reference to the articles of incorporation of Andalusia Health Services, Inc., demonstrates that it was organized solely for the purpose of receiving and administering funds derived from the sale by Andalusia Hospital, Inc., of its facilities, exclusively "for charitable health care services within the meaning of Section 501 (c)(3) of the Internal Revenue Code of 1954, amendments thereto and regulations thereunder." (Emphasis added.)
As stated by appellees, Andalusia Health Services, Inc., is thereby subject to all reporting and disclosure requirements of the Internal Revenue Code, and supervision by the Internal Revenue Service, to assure that its funds are used for scientific, educational, or charitable purposes.
For the reasons stated, the judgment below is hereby affirmed.
AFFIRMED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.