PER CURIAM.
William L. Johnson appeals from a judgment declaring that William Nathan Roberson was duly elected as county commissioner for Greene County, district 3. After the election, held on November 8, 1994, Roberson, who ran as the nominee of the Patriot Party, was declared the winner over Johnson, who was the Democratic Party nominee. On November 28, 1994, Johnson filed a complaint styled as an election contest pursuant to Ala.Code 1975, § 17-15-20 et seq. After an amendment, the only ground for relief alleged was that Roberson’s purported nomination by the Patriot Party did not comply with the statutory requirements for placing his name on the ballot, for example, those set out in Ala.Code 1975, § 17-7-l(a)(2). Johnson sought a judgment declaring that he, not Roberson, was the duly elected commissioner.
Among the reasons advanced by the circuit court in denying the relief Johnson sought was that his action was not timely filed. We agree. Roberson cites State ex rel. Norrell v. Key, 276 Ala. 524, 165 So.2d 76 (1964), as holding that an attack on a candidate’s qualification as the nominee of a political party must be brought before the general election.[1] The following excerpt from Norrell is pertinent:
“We find appropriate to a decision of this case the statement in 29 C.J.S. Elections § 141, p. 211: ‘Objections relating to nominations must be timely made. It is too late to make them after the nominee’s name has been placed on the ballot and he has been elected to office; his election cannot be impeached on the ground that statutory requirements regarding nominations were not complied with in his case * * * ’. At 18 Am.Jur., Elections, § 131, p. 263, it is said:
“Tt is a firmly established general rule that objections to irregularities in the nomination of a candidate should be taken prior to election. Voters finding a ticket or the names of candidates on the official ballot are not required to determine whether they are entitled to a place thereon, but may safely rely on the action of the officers of the law and on the presumption that they have performed their duty. Thus, an election in which the voters have fully, fairly, and honestly expressed their will is not inval *60 id because the certificate of nomination of the successful candidate is defective through the omission of some detail....’”
276 Ala. at 525-26,165 So.2d at 77-78.
Johnson and Roberson ran for the Democratic nomination in the primary election in June 1994, and Johnson was declared the winner. On August 7, 1994, a paper was filed with the Probate Court of Greene County certifying Roberson as the nominee of the Patriot Party for the district 3 commission seat in the general election.[2] Johnson did not challenge Roberson’s nomination by the Patriot Party before the election. He filed an election contest on November 28,1994, see Ala.Code 1975, § 17-15-22, asserting several challenges to the counting of votes at the election, see § 17-15-1. His challenge also asserted “that Mr. Roberson (having lost once already) was an unqualified candidate; see Alabama Code Sections 17-7-1, 17-8-2.1, 17-16-2, 17 — 16—43, 17-16-46.” Johnson later amended his complaint to delete all challenges except this last one.
For the reasons stated in State ex rel. Norrell v. Key, supra, we hold that the circuit court correctly ruled that the challenge to Roberson’s nomination by the Patriot Party was untimely.[3]
We also do not decide whether any provisions of Chapter 16 of Title 17 apply to such nominations. We note that, under § 17-16-2’s definition of “political party” for purposes of Chapter 16, the Patriot Party would not be a political party and thus would appear not to be governed by Chapter 16, which principally applies to primary elections. But see §§ 17-16-43 through -46, which pertain to nominations by political parties other than through a primary election. The parties’ principal arguments in this appeal are directed to §§ 17-16-43 and -46. However, § 17-7-l(a)(2) may provide ballot access to smaller political parties without regal’d to these provisions of Chapter 16, because such parties do not come within the definition in § 17-16-2. Conversely, the procedures of §§ 17-16-43 through -46 may be read, when the issue is properly presented, to apply to nominations under § 17-7-l(a)(2), because no other statutes govern the nomination of candidates by political parties other than those meeting the definition in § 17-16-2. See § 17-8-2.1 regarding ballot access by political parties other than those qualified under Chapter 16, and see Libertarian Party of Alabama v. Wallace, 586 F.Supp. 399 (M.D.Ala.1984), on this subject.
Because Johnson did not challenge Roberson’s August 7 nomination by the Patriot Party until after the November 8 election, the judgment of the circuit court is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
*61 BUTTS, J., concurs in the result.
MADDOX, J., dissents.

. A challenge to a nomination by way of a primary election must be made "within 24 hours after the results of the primary election have been declared, weekends excluded.” Ala.Code 1975, § 17-16-70. Cf. § 17-16-80.

. In 1994, the deadline for filing nominations under § 17-7-l(a)(2) (and presumably the deadline for declarations of independent candidacy under § 17-7-1 (a)(3)) was not operative because of the ruling in Mew Alliance Party v. Hand, 933 F.2d 1568 (11th Cir.1991). In 1995, the legislature amended § 17-7-1 to provide a deadline six days after the second primary election, which is held on the last Tuesday in June, § 17-16-6. 1995 Ala. Acts, No. 95-786.

. Neither § 17-16-70 et seq., regarding contests of primary elections, nor § 17-15-1 et seq., regarding contests of general elections, would apply to a challenge such as this one if filed before the general election. The Court in Norrell noted that "The holder of a certificate of nomination has the status of a quasi officer,” but did not decide "whether quo warranto is an appropriate remedy to oust a nominee from that office.” 276 Ala. at 526, 165 So.2d at 78. Because that question is not presented in an adversarial posture, we do not decide it either. A safe practice for the filing of such a contest would be to join a quo warranto proceeding against the purported nominee or independent candidate with a petition for a writ of mandamus or prohibition against the appropriate election officers to prevent them from placing that person’s name on the general election ballot.
Unless litigants in a case presenting the issue can show differently, we would expect that the nominating political party would not decide a contest to a nomination made under § 17-7-1(a)(2), as it would a contest to a nomination made in a primary election, see § 17-16-70. Rather, the minor political party would presumably be a party to a contest such as this one, and the contest would be decided by the circuit court. We make these assumptions because Chapter 16 does not appear to apply to political parties appearing on the ballot pursuant to §§ 17-7-1 (a)(2) and 17-8-2.1(a)(1), and because minor political parties may not have administrative procedures in place to decide contests.